J-S05031-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARRICK PRYOR | : | |
| | : | |
| Appellant | : | No. 699 EDA 2025 |

Appeal from the PCRA Order Entered February 28, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008674-2017

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 8, 2026**

Appellant, Garrick Pryor, appeals from the order entered by the Court of Common Pleas of Philadelphia County, dismissing his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA"). Appellant avers that the PCRA court erred in denying his claims that prior appellate counsel was ineffective for failing to challenge the denial of his suppression motion and his post-sentence motion for reconsideration, and for declining to hold an evidentiary hearing. Upon review, we affirm.

The PCRA court summarized the underlying facts of Appellant's case as follows:

> On the night of August 29, 2017, [Appellant], and his accomplice, knocked on the door [of the apartment] of Bromley Samuels, the victim. When Samuels answered the door, [Appellant] and his

_____

[*] Retired Senior Judge assigned to the Superior Court.

accomplice barged into the apartment demanding money and drugs. The accomplice brandished a gun and told [Samuels] to lie on the floor. He held Samuels there at gunpoint while [Appellant] ransacked the apartment's bedrooms. After an hour, the men left and took, among other things, a pistol and the only set of keys to Samuels's truck. The next day, Samuels discovered that his truck was missing and reported it [had been] stolen. Nine days later, police arrested [Appellant] after stopping him while he was driving the stolen truck. After [Appellant's] arrest, Samuels identified [Appellant] out of a photo lineup as one of the men who robbed him. Accordingly, [Appellant] was charged with robbery and related offenses.

On March 8, 2019, th[e trial] court found [Appellant] guilty of robbery[,] burglary-overnight accommodations[,] conspiracy-robbery[,] theft by unlawful taking-movable property, receiving stolen property, and possessing instruments of crime[ ("PIC").[1]] At [Appellant's] trial, the Commonwealth presented the testimony of three [] Philadelphia Police Officers, three [] Philadelphia Police detectives, and [] Samuels who identified [Appellant] as one of the two men who robbed him on August 29, 2017.

On June 5, 2019, th[e trial] court sentenced [Appellant] to an aggregate term of ten [] to twenty [] years of confinement.[2] On

---

[1] **See** 18 Pa.C.S. §§ 3701(a)(1)(ii), 3502(a)(1)(i), 903(c), 3921(a), 3925(a), and 907(a), respectively.

[2] The aggregate term included two consecutive five-to-ten-year imprisonment terms for burglary and robbery, a concurrent five-to-ten-year imprisonment term for conspiracy, and a concurrent one-to-two-year imprisonment term for PIC. **See** N.T. Sentencing Hearing, 6/5/19, at 11-12. The theft convictions merged for sentencing purposes. **See id.** The imprisonment term for robbery was at the bottom of the standard range recommended by the Sentencing Guidelines, even absent the application of a deadly weapon enhancement: sixty to seventy-two months' imprisonment. **See** 204 Pa. Code § 303.15 (7th ed., amend 3) (designating an offensive gravity score of ten for robbery under 18 Pa.C.S. § 3701(a)(1)(ii); 204 Pa. Code § 303.16(a) (7th ed., amend 3) (basis sentencing matrix); N.T. Sentencing Hearing, 6/5/19, at 2 (Appellant had a prior record score of five). The imprisonment term for burglary was at the top of the standard range recommended by the Sentencing Guidelines, even absent the application of a deadly weapon enhancement: forty-eight to

*(Footnote Continued Next Page)*

July 17, 2019, Appellant filed a post-sentence motion which was denied on October 15, 2019. Appellant filed a timely notice of appeal[.] On January 31, 2022, the Superior Court affirmed Appellant's judgment of sentence. [*See Commonwealth v. Pryor*, 272 A.3d 510 (Pa. Super. 2022) (table) (2970 EDA 2019).] On February 24, 2022, Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 2, 2022. [*See Commonwealth v. Pryor*, 279 A.3d 501 (Pa. 2022) (table) (61 EAL 2022).]

On April 27, 2023, Appellant filed a timely *pro se* [PCRA petition]. Counsel was appointed and filed an amended [PCRA] petition raising three [] claims of ineffective assistance of appellate counsel. The petition alleged that [direct] appellate counsel was ineffective for failing to argue the sufficiency of the evidence for the PIC charge, failing to appeal the denial of the motion to suppress identification, and failing to appeal the denial of the motion to reconsider sentence. On May 20, 2024, the Commonwealth filed a motion to dismiss Appellant's PCRA Petition without an evidentiary hearing.

On December 19, 2024, after independently reviewing Appellant's PCRA petition, the Commonwealth's motion, and the record, th[e PCRA c]ourt determined that the issues raised in Appellant's PCRA petition were without arguable merit and filed a twenty-day notice to dismiss pursuant to [Pennsylvania Rule of Criminal Procedure 907].

Subsequently, on March 13, 2025[,] Appellant filed a timely notice of appeal[.] On March 24, 2025, th[e PCRA] court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to [Pennsylvania Rule of Appellate Procedure 1925(b)]. On March 31, 2025, Appellant filed his [Rule] 1925(b) statement of errors [and the PCRA court filed an opinion pursuant to Rule 1925(a).]

PCRA Court Opinion, 5/8/25, at 1-3 (unnecessary capitalizations omitted, citations omitted, and brackets added).

---

sixty months' imprisonment. *See* 204 Pa. Code § 303.15 (7th ed., amend 3) (designating an offense gravity score of nine for burglary under 18 Pa.C.S. § 3502(a)(1); 204 Pa. Code § 303.16(a) (7th ed., amend 3).

Appellant raises the following questions for our review:

I.   Whether the PCRA court was in error in denying the PCRA petition for the following reasons:

    a.   Appellate counsel was ineffective for failing to appeal the denial of the motion to suppress identification; [and]

    b.   Appellate counsel was ineffective for failing to appeal the denial of the motion to reconsider sentence[?]

II.  Whether the PCRA court was in error in not granting an evidentiary hearing[?]

*See* Appellant's Brief at 7 (unnecessary capitalization omitted).

On appeal from the dismissal of Appellant's PCRA petition, our standard of review is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Wilson*, 273 A.3d 13, 18 (Pa. Super. 2022) (citation omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id.* at 145 (internal citation omitted).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include a violation of the Pennsylvania or United States Constitution and ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i), (ii).

In issue one, Appellant argues that his direct appellate counsel was ineffective for failing to: (1) appeal the denial of his pre-trial motion to suppress evidence of the victim's identification of him in a photographic array; and (2) appeal the denial of his post-sentence motion for reconsideration of his sentence. *See* Appellant's Brief at 15-19.

The standard test for ineffective assistance of counsel is the same under both the United States and Pennsylvania Constitutions. *See **Strickland v. Washington***, 466 U.S. 668, 687-88 (1984); ***Commonwealth v. Kimball***, 724 A.2d 326, 330-32 (Pa. 1999). The appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See **Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *See **id.*** at 1163. "[B]oilerplate allegations and bald assertions of

no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1044 (Pa. Super. 2019) (citation omitted).

First, Appellant argues that his appellate counsel was ineffective for failing to assert in his direct appeal the trial court's supposed error in the denial of his motion to suppress the photographic array identification by the victim, Samuels. ***See*** Appellant's Brief at 15-18.

"In reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of circumstances, the identification was reliable." ***Commonwealth v. Brown***, 23 A.3d 554, 558 (Pa. Super. 2011) (*en banc*). "This question is examined by focusing on the totality of the circumstances surrounding the identification." ***Commonwealth v. Sanders***, 42 A.3d 325, 330 (Pa. Super. 2012). The following factors are to be considered in determining the reliability of the contested identification evidence: "(1) the opportunity of the witness to view the perpetrator at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of his prior description of the perpetrator at the confrontation; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and confrontation." ***Commonwealth v. Milburn***, 191 A,3d 891, 899 (Pa. Super. 2018) (citing ***Commonwealth v. Moye***, 736 A.2d 973, 976 (Pa. Super. 2003)).

"A pre-trial identification violates due process only when the facts and circumstances demonstrate that the identification procedure was so impermissibly suggestive that it gave rise to a very substantial likelihood of

irreparable misidentification." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1278 (Pa. 2016) (citation omitted). "Thus, where a defendant does not show that improper police conduct resulted in a suggestive identification, suppression is not warranted." ***Sanders***, 42 A.3d at 330 (footnote omitted).

Appellant contends that the photographic array identification procedure used in this case was impermissibly suggestive because the officer who assembled the array failed to accurately follow the victim's description of the suspect and instead relied on his own assumptions. ***See*** Appellant's Brief at 16. Specifically, Samuels, described the perpetrator as having features such as a "skinny beard" and "shiny" eyes, yet the officer selected individuals based largely on his own interpretation, including choosing predominately bald individuals despite no description being provided. ***See id.*** at 17.[3] Additionally, five out of six males did not have hair, further skewing the identification procedure. ***See id.*** According to Appellant, these discrepancies rendered the photographic array suggestive under the totality of the circumstances. ***See id.***

Furthermore, Appellant asserts that the photographic array identification was unreliable even if suggestiveness alone was insufficient to warrant suppression. ***See*** Appellant's Brief at 18. Applying the reliability

_____

[3] We note that the suppression hearing testimony contradicts Appellant's statement that the officer selected individuals based on his own interpretation, as it was a software package that selected the photographs. ***See*** N.T. Suppression Hearing, 1/22/19, at 8-9.

factors, *see Milburn*, *supra*, Appellant maintains that Samuels only had a limited opportunity to view the perpetrator, as the individual quickly entered the apartment and Samuels's attention was diverted to a second assailant brandishing a firearm. *See id.* Samuels's degree of attention was allegedly further diminished by the stressful circumstances, including being threatened at gunpoint and focusing on the safety of his children. *See id.* Appellant also emphasizes that the incident occurred at night in a dark environment, allegedly undermining the accuracy of Samuels's observations. *See id.* Although Samuels expressed certainty and made his identification shortly after the incident, Appellant argues that, under the totality of the circumstances, the photographic array identification process remained unreliable. *See id.*

Finally, Appellant contends that his appellate counsel lacked any reasonable basis for failing to pursue the identification suppression issue on direct appeal and that this omission prejudiced him. *See* Appellant's Brief at 18. Appellant maintains that, had the pre-trial identification evidence been suppressed, there is a reasonable probability that the outcome of the trial would have been more favorable, and his sentence would have been reduced. *See id.* Accordingly, Appellant argues that all three prongs of ineffective counsel test are satisfied and that relief is warranted. *See id.* We disagree.

The PCRA court explained the following:

> Appellant cannot establish that any motion to suppress Samuels's identification testimony would have been successful, as the record is devoid of any evidence suggesting that the procedure used to

acquire [] Samuels's identification was unduly suggestive. On January 22, 2019, this court held a hearing regarding Appellant's motion to suppress identification. At this hearing, the Commonwealth offered the testimony of Detective Francis Green, who participated in the investigation into the home invasion and robbery of [] Samuels. Detective Green testified to comparing [] Samuels'[s] descriptions of the assailants of the robbery to a later description he received of Appellant, who police had found in [] Samuels'[s] stolen vehicle. Finding the descriptions to be similar, Detective Green prepared a photo array including Appellant's picture and five [] other photographs of individuals with similar physical characteristics as Appellant. Thereafter, Detective Green furnished Detective [Donald] Liebsch with the photo[graphic] array. [*See*] N.T. [Suppression Hearing,] 1/22/19 at 6-8.

At the hearing, Detective Liebsch testified to conducting a double-blind photo[graphic array] identification procedure wherein [] Samuels identified Appellant as one [] of the assailants who robbed him. [*See id.* at 24.] Detective Liebsch attested that he did not know Appellant personally, and that Detective Green did not identify Appellant as a suspect when furnishing him with the photo[graphic] array. [*See id.* at 28].

[…]

In his amended [PCRA] petition, Appellant characterize[d] the choice of pictures in the photo[graphic] array as "poor," citing the fact that some of the men in the photo[graphic] array did not have hair, the fact that not all of the men were "dark-skinned" and "thin-faced," that the height and weight could not be assessed given the photos were of the individuals' faces. [*See*] Appellant's Amended PCRA Petition[,] 11/1/23[,] at 13. However, at the [suppression] motion hearing, the Commonwealth argued, and this court agreed, that the array was not overly suggestive, noting that each of the individuals pictured had "similar bald heads as Appellant," and each had "thin beards." This court further emphasized that the law does not require that police utilize a "perfect photo spread." Rather, police must avoid using unduly suggestive procedures. [*See*] N.T. [Suppression Hearing,] 1/22/19[,] at 28-30.

The record, thus, does not support Appellant's contention that the identification procedure which facilitated [] Samuels's identification was unduly suggestive. Appellant, therefore, cannot demonstrate that any motion to suppress the identification would

have been successful. Moreover, Appellant has thus failed to prove that the underlying claim has "arguable merit." Accordingly, Appellant's claim of ineffective assistance of counsel, regarding appellate counsel's failure to appeal the denial of his suppression motion, is without merit, and no relief is due.

PCRA Court Opinion, 5/8/25, at 6-7 (unnecessary capitalizations omitted and brackets added).

Upon review of the record, including the photographic array, we agree with the PCRA court's finding that Appellant failed to establish arguable merit of his underlying suppression claim. The record reflects that the photographic array identification procedure was not unduly suggestive and instead complied with accepted practices insofar as there is no reason to identify Appellant among the others in the photo array based on its presentation. ***See Common v. Mbewe***, 203 A.3d 983, 986-87 (Pa. Super. 2019) ("Photographs used in line-ups are not unduly suggestive if the suspect's picture does not stand out more than others, and the people depicted all exhibit similar facial characteristics."). Therefore, under the totality of the circumstances, the identification was sufficiently reliable. ***See Brown***, 23 A.3d at 558. Accordingly, because Appellant's suppression motion would not have succeeded, Appellant cannot establish the first prong of our ineffective assistance of counsel test. ***See Solano***, 129 A.3d at 1163.

Next, Appellant argues that appellate counsel was ineffective for failing to directly appeal the denial of his post-sentence motion for reconsideration of his sentence. ***See*** Appellant's Brief at 19. He contends that his aggregate sentence was unduly harsh, considering his mental health history. ***See id.***

- 10 -

Specifically, Appellant notes that he was diagnosed with bipolar and post-traumatic stress disorder. ***See id.*** He asserts that the imposition of consecutive sentences resulted in an excessive aggregate term and that issue raises a substantial question that would have permitted appellate review of his post-sentence discretionary sentencing challenge. ***See id.*** As a result of direct appellate counsel's failure to pursue a discretionary sentencing issue on appeal, Appellant maintains that he was deprived of the opportunity of appealing his sentence, he therefore suffered prejudice, and he is entitled to relief. ***See id.***

We note that claims implicating the discretionary aspects of sentencing that are raised in the context of an ineffective assistance of counsel claim are cognizable under the PCRA. ***See Commonwealth v. Sarvey***, 199 A.3d 436, 455 (Pa. Super. 2018) (citation omitted). For the arguable merit prong of the ***Strickland*** analysis, this Court has explained that, "if the PCRA court can determine from the record that the sentence was not excessive, or that adequate reasons were placed on the record for exceeding the [S]entencing [G]uidelines, then there is no underlying merit to the ineffective claim and the claim must fail." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). Further, when asserting that prior counsel was ineffective for not advancing a discretionary sentencing claim, for the failure to raise it on direct appeal, the petitioner must prove actual prejudice. ***See Commonwealth v. Reaves***, 923 A.2d 1119, 1131-32 (Pa. 2007). To establish prejudice, the appellant must demonstrate that, if prior counsel had presented an appellate

challenge to the discretionary aspects of the sentence, there would have been a reasonable probability that counsel would have "secured a reduction in the sentence." *Id.*

Here, Appellant's ineffective assistance of counsel claim is cognizable under the PCRA, and his underlying discretionary sentencing challenge would raise a substantial question for purposes of Pennsylvania Rule of Appellate Procedure 2119(f). *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"). When reviewing a challenge to the discretionary aspects of sentencing, we determine whether the court has abused its discretion:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (citation omitted).

The PCRA court addressed this sentencing issue as follows:

> [A]ppellant's counsel requested a sentence at the "bottom end" of the sentencing range and this court's consideration of Appellant's mental health history and need for treatment. Regarding Appellant's history of mental health, Appellant's counsel also specifically requested that Appellant be committed to SCI Chester so that Appellant might access the "best treatment programs." In response, the Commonwealth emphasized the seriousness of the

offenses, the impact on the victims, particularly [] Samuels's children. Appellant's failure to affirmatively express remorse toward the family, and Appellant's [pre-sentence investigation ("PSI")] report, which indicated that Appellant was not cooperative with the PSI evaluator during his evaluation. [*See* N.T. Sentencing Hearing, 6/5/19,] at 4-9.

[…]

After considering the arguments from counsel, the PSI and mental health reports, the [S]entencing [G]uidelines[,]and the facts and circumstances of the case[,] this court imposed a sentence of five [] to ten [] years of confinement for burglary, a consecutive term of five [] to ten [] years of confinement for robbery, a concurrent term of five [] to ten [] years of confinement for conspiracy, and a concurrent term of one [] to two [] years of confinement for PIC for an aggregate of ten [] to twenty [] years of confinement. This court imposed no further penalty for theft by unlawful taking and receiving stolen property and agreed to recommend Appellant's commitment to SCI Chester. [*See* Sentencing Hearing, 6/5/19,] at 10-12.

[…]

[T]his court noted Appellant's extensive criminal history, which included five [] juvenile arrests, three [] juvenile adjudications, twenty-four [] adult arrests[4], six [] convictions, and a four [] year term of imprisonment for a [Violation of the Uniform Firearms

---

[4] We note that, in 2024, our Supreme Court held that prior arrests which did not result in convictions are now considered an improper sentencing factor. *See Commonwealth v. Berry*, 323 A.3d 641, 654 (Pa. 2024) ("prior arrests cannot be a factor upon which sentence is predicated"). However, Appellant was sentenced in 2019, and, even if that was a focus of the instant claim, we would be unable to conclude that prior counsel was ineffective for failing to predict future developments or changes in the law such as the *Berry* decision. *See Commonwealth v. Gribble*, 853 A.2d 455, 464 (Pa. 2004) (holding that appellant must demonstrate counsel was incompetent under the law in existence during trial for ineffective assistance of counsel claim); *see also* Sentencing Order, 3/8/19.

Act.[5] *See* Sentencing Hearing, 6/5/19,] at 10. […] It is within this court's discretion to impose Appellant's sentences for burglary, and robbery consecutively. Appellant's contention that this court abused the discretionary aspects of sentencing by fashioning an excessive, consecutive-in-nature sentence is thus without merit.

Likewise, Appellant's contention that this court failed to give sufficient weight to Appellant's "severe mental health issues" is unsupported by the record. Prior to imposing Appellant's sentence, this court stated on the record that it considered the [PSI] and mental health reports, the arguments of counsel, and the facts and circumstances of Appellant's case. Further, in contemplation of Appellant's mental health history, Appellant's need for treatment, and Appellant's explicit request to be placed in a facility with a reputable treatment program, this court stated its intention to recommend that Appellant serve his sentence in SCI Chester. [*See*] N.T. [Sentencing Hearing,] 6/5/19, at 10.

In fashioning Appellant's sentence, this court thus did adequately and properly consider the mitigating factors put forth by Appellant, including those presented in the [PSI]. Appellant has therefore failed to demonstrate that his aggregate sentence was inappropriate or based on partiality, prejudice, bias, or ill will. The record reflects this court's careful consideration of the facts of Appellant's crime and character prior to fashioning his sentence. Appellant cannot point to anything in the record to suggest an abuse of discretion by this court in imposing his sentence. Despite Appellant's contentions otherwise, his sentence, while [consecutive in nature], was not excessive or more than necessary to protect the public. Appellant's motion for reconsideration of sentence is thus without arguable merit, and Appellant cannot establish ineffectiveness of his appellate counsel based on his claim.

PCRA Court Opinion, 5/8/25, at 11-13 (unnecessary capitalizations omitted, portions omitted, and brackets added).

_____

[5] Appellant had two prior weapon offenses in his history. *See* N.T. Sentencing Hearing, 6/5/19, at 9.

The record shows there is nothing unreasonable about Appellant's aggregate sentence because his individual terms of imprisonment were within the standard range recommended by the Sentencing Guidelines, the two imprisonment terms addressed separate distinct criminal acts, and the imposition of those two consecutive imprisonment terms did not result in an unduly harsh punishment. **See supra** at 2-3, n.2.[6] Further, the court considered the circumstances of the offense, and the character of Appellant, paying particular attention to Appellant's prior record, age, personal characteristics, and a potential for rehabilitation. **See** 42 Pa.C.S. § 9721(b). Additionally, the court had the benefit of a PSI, and we can thus assume the court was "aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988).

Accordingly, Appellant's underlying claim lacks arguable merit, and prior counsel cannot be deemed ineffective for failing to pursue a meritless appellate claim challenging the denial of Appellant's post-sentence motion for

---

[6] We note that the PCRA court's calculation of the applicable Sentencing Guideline ranges in its Rule 1925(b) opinion was incorrect. **See** PCRA Court Opinion, 5/28/25, at 11-12 ("[T]his [c]ourt sentenced Appellant beyond the recommended [G]uidelines[.]"). As explained above, however, our calculation shows that Appellant was sentenced within the recommended standard sentencing ranges recommended by the guidelines for his individual terms of imprisonment and those individual terms are presumed to be reasonable. **See supra** at 2-3, n.2; **see also Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.") (citation omitted).

reconsideration of sentence. *See Commonwealth v. Rivera*, 199 A.3d 365, 384 (Pa. 2018) (counsel cannot be ineffective for failing to pursue a meritless claim on appeal). Therefore, we find that Appellant's first issue, challenging the effectiveness of his direct appeal counsel is meritless. *See Solano*, 129 A.3d at 1163.

In issue two, Appellant argues that the PCRA court erred in dismissing his petition without holding an evidentiary hearing. *See* Appellant's Brief at 19-20. Although the PCRA court concluded that the claims were meritless and did not present any issues of material fact, Appellant argues that this determination was incorrect. *See id.* at 20. According to Appellant, his PCRA petition raised claims of arguable merit and identified factual disputes that, if resolved in his favor, could have altered the result of his trial and sentence proceedings, even though Appellant does not specify what "factual disputes" existed at the time of the dismissal of his petition. *See id.* Appellant maintains that the PCRA improperly denied his PCRA petition without holding an evidentiary hearing. *See id.* We disagree.

> [T]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would entitle him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. McCready*, 295 A.3d 292, 298 (Pa. Super. 2023) (citing *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019)). As

explained above, we agree with the PCRA court's findings and conclude that Appellant's claim for ineffective assistance of direct appeal counsel has no arguable merit. *See* PCRA Court Opinion, 5/8/25, at 13-14. Moreover, Appellant could not prevail on the instant claim where he does not identify any specific facts in dispute that would necessitate an evidentiary hearing. *See Commonwealth v. Sneed*, 45 A.3d 1096, 1107 (Pa. 2012) (explaining that a PCRA hearing is only necessary "when [a petitioner's] proffer establishes a colorable claim about which there remains a material issue of fact" and "PCRA hearings are not discovery expeditions"). Accordingly, the PCRA court did not abuse its discretion in denying Appellant's petition without holding an evidentiary hearing. *See McCready*, 295 A.3d at 298. Appellant's second issue is meritless. Accordingly, we conclude that the PCRA court's findings and conclusions of law are supported by the record, and we discern no abuse of discretion or error of law in the dismissal of Appellant's petition. *See Wilson*, 732 A.3d at 18.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/8/2026

- 17 -